DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Travis Funk, appeals from his conviction in the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On March 31, 2006, Zachary Brown ("Brown") stole a loaded gun from his brother. He took the gun to Kenmore High School, where he was a tenth grade student. Prior to the start of the school day, Brown and some friends went to an alley near the school. While in the alley, the gun was fired and Brown removed the ammunition clip. After Brown removed the ammunition clip, Appellant approached him and took the gun. Brandon Cleveland ("Cleveland") took *Page 2 
Brown's money and his cell phone. Appellant informed Brown that he would return the gun at noon. At some point during the school day, Akron Police Officer Patrick Williamson ("Williamson"), who worked security at the school, heard rumors that there was a gun on the premises. Through investigation, Williamson discovered that Brown was involved with the gun and questioned him. Upon searching Brown, Williamson found the ammunition clip. Brown did not implicate Appellant at this time, but rather told Williamson someone named Tom stole the gun and that Cleveland had taken his money and cell phone. Brown later informed police that Appellant had actually taken the gun. Williamson also questioned Cleveland. A search revealed that Cleveland had Brown's cell phone and money. Cleveland stated that Appellant had taken the gun. Williamson questioned and searched Appellant, but did not find the gun at that time.
 {¶ 3} That afternoon, Quakeem Head ("Head") and Appellant rode a bus to Buchtel High School to attend afternoon classes. Appellant told Head that he had a gun, and showed it to him. Head did not comment on the gun. As Head left the bus, he realized he had forgotten one of his two bags. He went back to retrieve the bag, but Appellant was already carrying it for him. Appellant proceeded to carry the bag into Buchtel High School. As he entered the building, Akron Police Officer Howard Vaughn ("Vaughn") noticed a gun in the bag. Vaughn arrested Appellant. *Page 3 
 {¶ 4} Appellant was charged with one count of receiving stolen property, in violation of R.C. 2913.51(A), one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2), and one count of illegal conveyance of a weapon in a school safety zone, in violation of R.C. 2923.122(A) and (B). Appellant pled not guilty to all the charges and on November 15, 2006, a jury trial commenced. The jury found Appellant not guilty of receiving stolen property, but guilty on the remaining two charges. Appellant was sentenced to six months incarceration, but his sentence was suspended and Appellant was placed on 18 months of community control. Appellant timely appealed his convictions, raising three assignments of error for our review. We have combined some errors for ease of review.
 II. ASSIGNMENT OF ERROR I "APPELLANT'S CONVICTIONS OF CARRYING CONCEALED WEAPONS AND ILLEGAL CONVEYANCE OF WEAPON IN SCHOOL SAFETY ZONE WERE CONTRARY TO THE MANIFEST WIEGHT [SIC] OF THE EVIDENCE."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE CARRYING CONCEALED WEAPONS AND ILLEGAL CONVEYANCE OF WEAPON IN SCHOOL SAFETY ZONE CHARGES FOLLOWING THE STATE'S CASE."
 {¶ 5} In his first and second assignments of error, Appellant contends that his convictions for carrying concealed weapons and illegal conveyance of a weapon in a school safety zone were against the manifest weight of the evidence *Page 4 
and the trial court erred in denying his Crim.R. 29 motion at the close of the State's case. Specifically, Appellant argues that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. We disagree.
 {¶ 6} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390. Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
 {¶ 7} Therefore, we will address Appellant's claims that his convictions were against the manifest weight of the evidence first, as they are dispositive of Appellant's claims of insufficiency.
 {¶ 8} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340. *Page 5 
 {¶ 9} This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 10} In the instant case, Appellant was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A)(2) and the illegal conveyance of a weapon in a school safety zone in violation of R.C.2923.122(A) and (B).
 {¶ 11} R.C. 2923.12(A)(2) prohibits any person from knowingly carrying or having a handgun concealed on his person or concealed ready at hand. We first note that despite the State's contentions, Appellant's argument with regard to this conviction is not moot. While a violation of carrying a concealed weapon is a first degree misdemeanor, Appellant has yet to complete his sentence. Appellant was sentenced to six months incarceration on this charge to be served concurrently with six months incarceration for the illegal conveyance of a weapon in a school safety zone conviction. However, his prison term was suspended upon the condition that Appellant complete 18 months of community control. If Appellant violates the terms of his community control, he will face six months in prison along with post release control of up to three years. As 18 months have not passed since his sentence was imposed on November 20, 2006, he has yet to complete his sentence and his argument regarding his misdemeanor conviction is not moot.
 {¶ 12} At trial, Williamson testified that Brown informed him that Appellant took the gun from him and walked away with it. Brown also testified *Page 6 
that Appellant took the gun from him. Further, Head testified that Appellant showed him the gun while they were on the bus together. If this testimony is believed, the knowing element of the statute is satisfied. Finally, Officer Vaughn testified that he found the handgun in a backpack that Appellant was carrying. If that testimony is believed, Appellant concealed the handgun "ready at hand," thus satisfying the elements of R.C. 2923.12(A)(2).
 {¶ 13} R.C. 2923.122(A)/(B) prohibits anyone from knowingly conveying or possessing a deadly weapon in a school safety zone. Again, the testimony of Head, if believed, showed that Appellant clearly knew he was carrying a handgun from Kenmore High School to Buchtel High School. Head stated that Appellant informed him that the reason for the lockdown at Kenmore High School was the fact that someone may have had a gun on the property. Finally, Officer Vaughn testified that he had been alerted that Appellant may have been carrying a gun into Butchel High School. Officer Vaughn saw the handgun in Appellant's bag and arrested him. Given the testimony, this is not a case where the evidence weighs heavily in favor of Appellant, meriting a new trial. Therefore, Appellant's convictions were not against the manifest weight of the evidence. Accordingly, Appellant's first and second assignments of error are overruled. *Page 7 
 ASSIGNMENT OF ERROR III "WHETHER TRIAL COUNSEL'S REPRESENTATION WAS DEFICIENT AND EFFECTED [SIC] THE OUTCOME OF THE CASE."
 {¶ 14} In his third assignment of error, Appellant contends that his trial counsel's representation was deficient and affected the outcome of the case. We do not agree.
 {¶ 15} A criminal defendant is guaranteed a right to the effective assistance of counsel by the Sixth Amendment. See McMann v.Richardson (1970), 397 U.S. 759, 771, at fn. 14. A two-step process is employed in determining whether the right to effective counsel has been violated.
 "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
 {¶ 16} "An appellate court may analyze the prejudice prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice." State v. Kordeleski, 9th Dist. No. 02CA008046, 2003-Ohio-641, at ¶ 37, citing State v. Loza (1994),71 Ohio St.3d 61, 83, overruled on other grounds. Appellant argues that he was prejudiced due to his counsel's failure to object to hearsay statements to which Williamson and Vaughn testified. *Page 8 
 {¶ 17} While Appellant does not specify the exact statements he finds objectionable, our review of the record shows that Williamson testified that Brown informed him that Appellant "took the gun from him and Brandon Cleveland went in his pockets." According to Williamson, Brown further stated that Appellant "walked away with the gun." According to Appellant, he was prejudiced by his counsel's failure to object because "had the statements been excluded, the jury would not have heard this evidence that placed the gun in [Appellant's] possession." This argument is without merit.
 {¶ 18} Brown testified that Appellant was the last person he saw carrying the gun. Appellant does not argue that Brown's statements regarding Appellant's possession of the gun were inadmissible. Brown's testimony clearly placed the gun in Appellant's possession. Assuming arguendo that Williamson's testimony amounted to inadmissible hearsay, the jury still had testimony before them regarding Appellant's possession of the gun. Therefore, we fail to find any prejudice by the admission of Williamson's testimony. Accordingly, Appellant has failed to meet his burden under the second prong of the Strickland test.Strickland, 466 U.S. at 687
 {¶ 19} Appellant further argues that he was prejudiced by Vaughn's testimony regarding statements Head made during his investigation. Again, Appellant failed to specify the objectionable statement. We note that Vaughn testified that Head informed him that while on the bus, Appellant "lifted up his *Page 9 
shirt and he saw the gun in his waistband." Our review of the record shows that Appellant's counsel did object to this statement. As the record does not support the deficiency complained of, we cannot find "that counsel's performance was deficient[.]" Id. Therefore, Appellant has failed to meet the first prong of the Strickland test.
 {¶ 20} Even assuming Appellant could meet this first prong, he cannot show that any prejudice resulted from such a deficiency. Appellant contends that he was prejudiced because had the statements been excluded, the jury would not have heard evidence that placed the gun in his possession while on the bus. However, Head testified that he saw Appellant on the bus with the gun. Again, even if Vaughn's testimony amounted to inadmissible hearsay, the jury still had testimony before them regarding Appellant's possession of the gun while on the school bus. Accordingly, Appellant has failed to meet the second prong of theStrickland test.
 {¶ 21} Appellant's third assignment of error is overruled.
 III. {¶ 22} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 10 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, P. J. DICKINSON, J. CONCUR *Page 1